

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 9:19-CR-52** |
| § | |
| **JUAN MANUEL ROJAS, JR.** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Juan Manuel Rojas, Jr., violated conditions of supervised release imposed by United States District Judge John D. Rainey. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #2) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on April 29, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present by video and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and

1

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 23, 2011, The Honorable John D. Rainey of the Southern District of Texas sentenced the defendant after he pled guilty to the offense of Conspiracy to Possess with Intent to Distribute More Than 5 Kilograms of Cocaine, a Class A felony. Judge Rainey sentenced Mr. Rojas to 120 months imprisonment, to be followed by five (5) years of supervision subject to the standard conditions of release, plus special conditions to include drug and alcohol treatment. On June 5, 2018, Juan Manuel Rojas, Jr., completed his period of imprisonment and began service of the supervision term.

On December 13, 2019, jurisdiction over this proceeding was transferred to the Eastern

District of Texas. The case was assigned to the docket of Senior United States District Judge Ron Clark.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

Specifically, Mr. Rojas used cocaine on two separate occasions as evidenced by his positive drug tests on July 5, 2018, and August 2, 2018.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would submit into evidence documents establishing that Mr. Rojas submitted two specimens for testing on July 5, 2018, and August 2, 2018, respectively. Those specimens yielded positive results for cocaine, which would be supported by laboratory reports.

Defendant, Juan Manuel Ross, Jr., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used and possessed a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the

evidence that the defendant violated a standard condition of his supervised release by using and possessing a controlled substance.[1] This conduct constitutes a Grade B violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of IV and the Grade B violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 12 to 18 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term

---

[1] The Court may find that drug use is equivalent to possession of the prohibited substance. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). "If evidence establishes that a positive result from a drug test is at a level such that passive inhalation or similar phenomenon may not reasonably account for it, then the district court may find that the defendant knowingly and voluntarily had, alone or jointly with others, actual physical control over the drug, or the power and intent to exercise dominion or control over it, and was hence in possession of it." *Id.* at 49. "Once the court finds a substance has been voluntarily and knowingly ingested, then, ... it necessarily follows that the defendant has possessed the substance." *United States v. Cunningham*, No. 1:12-CR-119-10, 2019 WL 2910894, at *4 (E.D. Tex. May 22, 2019) (Hawthorn, J.), *report and recommendation adopted*, No. 1:12-CR-119 (10), 2019 WL 2905347 (E.D. Tex. July 3, 2019) (quoting *Courtney*, at 49). The Court has the discretion to conclude that a positive test is evidence of possession. *See United States v. Campbell*, No. 03-30119, 87 F. App'x 75, 76 (9th Cir. Feb. 3, 2004) (citing *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991) (per curiam)).

of supervised release by statute is not more than five (5) years. *See id.*

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant′s own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by using a controlled substance. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Juan Manuel Rojas, Jr., to serve a term of **twelve (12) months and one (1) day imprisonment.** The Court recommends placement in the Federal Correctional Institution **(FCI) in Bastrop,**

---

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**Texas**, pursuant to Defendant's request.

The Court further recommends that, upon release from prison, the defendant serve a new term of **three (3) years supervised release**. The new term of supervision should be subject to the same conditions and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the Judge Rainey are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (requiring that special conditions be tailored to the individual defendant and supported by the record). The defendant admitted to using and possessing a controlled substance. The Government established this by a preponderance of the evidence and defendant pled true to the conduct. Based on the circumstances, the Court agrees with the United States Probation Officer's recommended conditions.

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

"You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court.

You must comply with the standard conditions that have been adopted by the Court. The Court finds the special conditions previously imposed by the Court are still relevant and are reimposed as follows:

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or

alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on the ability to pay as determined by the probation officer."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of May, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE